1 LAW OFFICES OF SHAUN KHOJAYAN
   & ASSOCIATES, P.L.C.
2 SHAUN KHOJAYAN (CASB NO. 197690)
  121 Broadway, Suite 338
3 San Diego, CA 92101
  Telephone: 619/338-9110
4 619/338-9112 (fax)
  Email: shaun@khojayan.com
5
6 ARLEO LAW FIRM, PLC
  ELIZABETH J. ARLEO (CASB No. 201730)
7 850 Main Street, Suite 201
  Ramona, CA 92065
8 Telephone: 760/789-8000
  760/789-8081 (fax)
9 Email: elizabeth@arleolaw.com

10 Attorneys for Plaintiff

FILED
2008 AUG -6 PM 3:56
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHARINE J. TOMOVICH a/k/a CATHIE J. TOMOVICH,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>WOLPOFF & ABRAMSON, L.L.P.<br><br>　　　　　　Defendant. | CASE NO. '08 CV 1428 JM BLM<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ* AND CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CA. CIV. CODE 1788 *ET SEQ.* |

COMPLAINT

Plaintiff, Catharine J. Tomovich a/k/a Cathie J. Tomovich ("Plaintiff"), alleges as follows against defendant Wolpoff & Abramson, L.L.P. ("Defendant") on information and belief, unless otherwise indicated, formed after an inquiry reasonable under the circumstances as follows:

## GENERAL ALLEGATIONS

1. This action arises out of Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§1788-1788.32 ("CA FDCPA") and the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. §1692(a) – (e)).

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair and deceptive acts or practices.

4. Plaintiff brings this action to challenge the misconduct of Defendant with regard to Defendant's attempts to unlawfully, oppressively, fraudulently, and/or maliciously collect an alleged debt claimed to be owed to Palisades Collection L.L.C by Plaintiff which caused Plaintiff actual and statutory damages.

5. The use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1692k(d), and 28 U.S.C. §1331. Supplemental jurisdiction for the state law claims arises pursuant to 28 U.S.C. §1367.

7. Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff lives in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

8. Personal jurisdiction is established because Defendant resides in and does business in the State of California.

## PARTIES

9. Plaintiff, Catherine J. Tomovich, is an individual who resides in San Diego County.

10. Plaintiff was obligated or allegedly obligated to pay a debt, and is, therefore a "consumer" as that terms is defined by 15 U.S.C. §1692a(3) of the FDCPA and Cal. Civ. Code §1788.2(h) of the CA FDCPA.

11. Defendant Wolpoff & Abramson L.L.P., is a professional limited liability company regularly engaged in attempting to collect debts owed to another in this state.

12. Defendant's principal place of business is 28632 Roadside Drive, Suite 265, Agoura Hills, CA 91301.

13. Plaintiff is informed and believes that Defendant is a person which uses an instrumentality of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is, therefore, a "debt collector," as that term is defined by 15 U.S.C. §1692a(6) and Cal. Civil Code §1788.2(c) (as incorporated by Cal. Business & Professions Code §6077.5).

14. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

15. Defendant is a "debt collector" as defined by the CA FDCPA, Cal. Civil. Code §1788.2(c).

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff was an individual residing within the State of California in the County of San Diego.

17. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California.

18. This case involves money, property or other equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civil Code §1788.2(f).

19. Sometime prior to December 31, 2001, Plaintiff allegedly incurred a financial obligation for primarily personal, family or household purposes.

20. Therefore, the alleged debt that Defendant attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

21. The original creditor for the alleged debt was First USA.

22. Before May 1, 2002, Plaintiff allegedly fell behind on the payments owed on the alleged debt.

23. The First USA credit card account was closed by May 1, 2002.

24. Sometime between May 1, 2002 and June 2, 2006, the alleged debt was purchased by, assigned, or otherwise transferred to Palisades Collection L.L.C.

25. On or about January 4, 2007, Defendant sent a dunning letter addressed to Plaintiff's home and in the name of Plaintiff seeking to collect a debt allegedly owed to "PALISADES COLLECTION LLC CHASE MANHATTAN BANK." Plaintiff received it shortly thereafter.

26. On or about January 12, 2007, Plaintiff sent a letter to Defendant which disputed the alleged debt, requested verification of the alleged debt and demanded that Defendant cease communications with her telephonically.

27. At no time after Plaintiff's January 12, 2007 request, did Defendant send verification of the alleged debt to Plaintiff.

28. On numerous occasions during January and February 2007, Defendant contacted Plaintiff via the telephone at her home.

29. On or about February 22, 2007, Defendant sent a second dunning letter addressed to Plaintiff's home and in the name of Plaintiff seeking to collect the debt allegedly owed to "PALISADES COLLECTION LLC CHASE MANHATTAN BANK." Plaintiff received it shortly thereafter.

30. On or about March 9, 2007, Plaintiff sent a letter to Defendant which again disputed the alleged debt, requested verification of the alleged debt and demanded that Defendant cease communications with her telephonically.

31. On numerous occasions during March through June 2007, Defendant contacted Plaintiff via the telephone at her home.

32. On or about July 25, 2007, Defendant sent another dunning letter addressed to Plaintiff's home and in the name of Plaintiff seeking to collect a debt allegedly owed to "PALISADES COLLECTION LLC ASSIGNEE OF FIRST USA." Plaintiff received it shortly thereafter.

33. In late July and early August 2007, Defendant telephoned Plaintiff's home on at least 10 separate occasions including but not limited to telephone calls made by Defendant on July 25, 2007 at 4:07 p.m.; July 26, 2007 at 12:08 p.m.; July 31, 2007 at 7:56 p.m.; August 5, 2007 at 8:30 a.m.; August 16, 2007 at 7:30 p.m. and August 23, 2007 at 6:11 p.m.

34. On or about August 4, 2007, Plaintiff sent a letter to Defendant which again disputed the alleged debt and demanded Defendant provide verification of the alleged debt.

35. During November and December 2007, Plaintiff received at least two telephone calls from Defendant. During these telephonic conversations, Defendant's representative informed Plaintiff that a lawsuit would be filed against Plaintiff if the alleged debt was not resolved.

36. On or about January 3, 2008, Defendant sent a dunning letter addressed to Plaintiff's home and in the name of Plaintiff seeking to collect a debt allegedly owed to "PALISADES COLLECTION LLC ASSIGNEE OF FIRST USA." Plaintiff received it shortly thereafter.

37. Defendant's January 3, 2008 letter, attached hereto as <u>Exhibit A</u>, noticed Plaintiff of Defendant's "inten[t] to proceed to enforce our client's claim through applicable legal proceedings to obtain payment of the above referenced matter." Defendant's letter states further that "this letter advises you that if this matter remains unresolved ten (10) days from the date of this letter, our office intends on taking legal action against you. Please note that the litigation could result in a judgment against you which may include our client's court costs and necessary disbursements, all of which you could become responsible for, as allowed under California applicable law."

38. The January 23, 2008 letter, attached as <u>Exhibit A</u> states: "The above attorney personally requested that this letter be sent after he/she reviewed relevant portions of our file for the purpose of making a determination to file suit."

39. This letter to Plaintiff, sent by Defendant, was a "communication" as that term is defined by 15 U.S.C. §1692a(2) and as used in the CA FDCPA.

40. After receiving the letter, Plaintiff became anxious, fearful and worried that Defendant would sue her and has thought about Defendant's threat every day since receiving the letter. She spent hours researching her rights in an attempt to ascertain whether Defendant could indeed sue her for the debt. On multiple occasions, since January 2008, Plaintiff went to court and on-line to determine whether an action had been filed against her.

41. As the sole income provider in her household, Plaintiff was anxious that she would not have the financial resources to feed and house her young son. Plaintiff feared that her wages would be garnished and her credit negatively impacted. She lost sleep and spent a substantial time worrying about the lawsuit and Defendant's constant telephone calls.

42. After each telephone call with Defendant, Plaintiff's anxiety was heightened. She felt anger toward Defendant for repeatedly ignoring her requests to stop calling.

43. Defendant has not filed any lawsuit against Plaintiff.

-5-
COMPLAINT

44. Under California law, the statute of limitations had expired when Defendant sent its January 3, 2008 letter to Plaintiff.

### FIRST CAUSE OF ACTION CLAIMED AGAINST DEFENDANT

**(Violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq.*)**

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and/or omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to the following actions taken against Plaintiff:

(a) Defendant violated 15 U.S.C. §1692c(c) for failing to cease communications after Plaintiff notified Defendant that she wished Defendant to cease communications.

(b) Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the alleged debt.

(c) Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

(d) Defendant violated 15 U.S.C. §1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

(e) Defendant violated 15 U.S.C. §1692e(2)(A) by misstating the status of the debt as implying that the Defendant would prevail in an action against Plaintiff;

(f) Defendant violated 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken;

(g) Defendant violated 15 U.S.C. §1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(h) Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect a debt;

   (i)  Defendant violated 15 U.S.C. §1692f(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law; and

   (j)  Defendant violated 15 U.S.C. §1692g(b) by failing to cease collection activities after the Plaintiff made a timely validation request.

47. As a result of the above-described violations of the FDCPA, Plaintiff has suffered emotional distress and out-of-pocket expenses and is therefore entitled to recover actual damages from Defendant pursuant to 15 U.S.C. §1692k(a)(1). Plaintiff is also entitled to additional statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3).

48. Defendant's violations of the CA FDCPA were willful and knowing. Defendant is therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to Cal. Civil Code §1788.30.

**SECOND CAUSE OF ACTION CLAIMED AGAINST DEFENDANT**

**(Violations of the California Fair Debt Collection Practices Act
Cal. Civil Code §1788, *et seq.*)**

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and/or omissions of Defendants constitute numerous and multiple violations of the CA FDCPA, including but not limited to the following actions taken against Plaintiff:

   (a)  Defendant violated California Civil Code §1788.13(e) by the false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges when, in fact, such fees or charges may not legally be added to the existing obligation;

   (b)  Defendant violated California Civil Code §1788.13(j) by the false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made; and

(c) Defendant violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

51. As a result of the above-described violations of the CA FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to recover actual damages from Defendant pursuant to Cal. Civil Code §1788.30(a), statutory damages for a knowing or willful violation pursuant to Cal. Civil Code §1788.30(b), and reasonable attorney's fees and costs pursuant to Cal. Civil Code §1788.30(c) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant for:

First Cause of Action

    A. An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    B. The maximum amount of statutory damages provided under 15 U.S.C. §1692k(a)(2)(A);

    C. An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant; and

    D. Such other or further relief as the Court deems just and proper.

Second Cause of Action

    E. An award of actual damages pursuant to Cal. Civil Code §1788.30(a);

    F. The maximum amount of statutory damages provided under Cal. Civil Code §1788.30(b);

    G. For an award of costs of litigation and reasonable attorneys' fees pursuant to Cal. Civil Code §1788.30(c); and

    H. Such other or further relief as the Court deems just and proper.

1  DATED: August 6, 2008                Respectfully submitted,

2                                       LAW OFFICES OF SHAUN KHOJAYAN &
                                        ASSOCIATES, P.L.C.
3                                       SHAUN KHOJAYAN

4
                                        _____
5                                       SHAUN KHOJAYAN

6                                       121 Broadway, Suite 338
                                        San Diego, CA 92101
7                                       Telephone: 619/338-9110
                                        619/338-9112 (fax)
8

9                                       Attorney for Plaintiff

-9-
COMPLAINT

# EXHIBIT A

| MAIN OFFICE | LAW OFFICES | NATIONAL COLLECTION ATTORNEY NETWORK |
|---|---|---|
| TWO IRVINGTON CENTRE | OF | [AFFILIATED FIRM LOCATIONS OF REGIONAL |
| 702 KING FARM BLVD., ROCKVILLE, MD 20850 | **WOLPOFF & ABRAMSON, L.L.P.** | OFFICES OF WOLPOFF & ABRAMSON, L.L.P.] * |
| REGIONAL OFFICES | *Attorneys in the Practice of Debt Collection* | BIRMINGHAM, ALABAMA   FARGO, NORTH DAKOTA |
| 3955 CHAIN BRIDGE ROAD, 2ND FLOOR, FAIRFAX, VA 22030 | (A National Collection Attorney Network Firm) | ANCHORAGE, ALASKA   CLEVELAND, OHIO |
| 1108 E. MAIN ST., STE. 1003, RICHMOND, VA 23216 | 28632 ROADSIDE DRIVE | PHOENIX, ARIZONA   OKLAHOMA CITY, OKLAHOMA |
| 5122 GREENWICH RD., VIRGINIA BEACH, VA 23462 | SUITE 265 | LITTLE ROCK, ARKANSAS   EUGENE, OREGON |
| 919 N. MARKET ST., STE. 1300, WILMINGTON, DE 19899 | AGOURA HILLS, CA 91301 | EAST HARFORD, CONNECTICUT   PROVIDENCE, RHODE ISLAND |
| 1 VALLEY BANK BLDG., BOX 1226, CLARKSBURG, WV 26302 | | HONOLULU, HAWAII   COLUMBIA, SOUTH CAROLINA |
| 4660 TRINDLE ROAD, STE. 300, CAMP HILL, PA 17011 | | BOISE, IDAHO   KNOXVILLE, TENNESSEE |
| 301 GRANT ST., STE. 4300, PITTSBURGH, PA 15219 | | CHICAGO, ILLINOIS   SANDY, UTAH |
| 28632 ROADSIDE DRIVE, STE. 265, AGOURA HILLS, CA 91301 | | MERRILLVILLE, INDIANA   MILWAUKEE, WISCONSIN |
| 39500 HIGH POINTE BLVD., STE. 250, NOVI, MI 48375 | (TOLL FREE) | KANSAS CITY, KANSAS   RAWLINS, WYOMING |
| 300 CANAL VIEW BLVD., ROCHESTER, NY 14623 | 1-800-830-2793 | LEXINGTON, KENTUCKY   SEATTLE, WASHINGTON |
| 5215 NORTH O'CONNOR BLVD., IRVING, TX 75039 | FACSIMILE (866) 665-2470 | METAIRIE, LOUISIANA |
| 3200 SOUTHWEST FREEWAY, STE. 3300, HOUSTON, TX 77027 | | WORCESTER, MASSACHUSETTS |
| 111 SOLEDAD ST., STE. 300, SAN ANTONIO, TX 78205 | | ST. LOUIS, MISSOURI |
| 1201 PEACHTREE ST., STE. 1717, ATLANTA, GA 30361 | | GREAT FALLS, MONTANA   * The National Collection |
| 301 CARLSON PKWY., STE. 303, MINNETONKA, MN 55305 | | OMAHA, NEBRASKA   Attorney Network is an |
| 4643 S. ULSTER ST., STE 920, DENVER, CO 80237 | PLEASE DIRECT CORRESPONDENCE TO AGOURA HILLS OFFICE | LAS VEGAS, NEVADA   affiliation of separate law firms. |
| 5355 TOWN CENTER ROAD, STE. 1002, BOCA RATON, FL 33486 | | MANCHESTER, NEW HAMPSHIRE |
| New York City Department of Consumer Affairs | | CEDAR KNOLLS, NEW JERSEY   W&A Hours of Operation: |
| License Numbers 1249874 & 1250739 | JANUARY 03, 2008 | RALEIGH, NORTH CAROLINA   8 a.m. - 6 p.m. ET M-F |

176248207
CATHIE J TOMOVICH
2878 F ST
SAN DIEGO CA 92102

Marjan Alitalaei, Esq.
ADMITTED: (CA)

W&A File No. 176248207

Re: CATHIE J TOMOVICH

PALISADES COLLECTION L.L.C. ASSIGNEE OF FIRST USA
Balance: $ 6964.84

### NOTICE OF INTENTION TO FILE LITIGATION AND INCUR COURT COSTS AND LEGAL FEES

Please be advised that this law firm intends to proceed to enforce our client's claim through applicable legal proceedings to obtain payment of the above referenced matter. If you wish to avoid our office's filing suit in the above matter, please contact us as soon as possible at the numbers listed above. If you wish to communicate with this office by e-mail, do not hesitate to send your e-mail to manager@wolpofflaw.com.

Pursuant to the Code of Civil Procedure Section 1033(b)(2), this letter advises you that if this matter remains unresolved ten (10) days from the date of this letter, our office intends on taking legal action against you. Please note that the litigation could result in a judgment against you which may include our client's court costs and necessary disbursements, all of which you could become responsible for, as allowed under California applicable law.

THIS COMMUNICATION IS A NOTICE BY A DEBT COLLECTOR MADE PURSUANT TO CALIFORNIA LAW CONCERNING POTENTIAL LITIGATION.

Very truly yours,

WOLPOFF & ABRAMSON, L.L.P.

The above attorney personally requested that this letter be sent after he/she reviewed relevant portions of our file for the purpose of making a determination to file suit.

CANOI/CANOI

LTRHD1 (09/04/07)

%JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

## I. (a) PLAINTIFFS
CATHARINE J. TOMOVICH a/k/a CATHIE J. TOMOVICH

**DEFENDANTS**
WOLPOFF & ABRAMSON, 2008 AUG -6 PM 3:56

(b) County of Residence of First Listed Plaintiff   San Diego, California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Los Angeles, California
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.  BY _____ YMH ____ DEPUTY

(c) Attorney's (Firm Name, Address, and Telephone Number)
Shaun Khojayan, Law Offices of Shaun Khojayan & Assoc., PLC.
121 Broadway, Suite 338, San Diego, CA 92101 (619) 338-9110

Attorneys (If Known)

**'08 CV 1428 JM BLM**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §1692 ET SEQ

Brief description of cause:
Defendant has violated the Fair Debt Collection Practices Act.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 08/06/2008

SIGNATURE OF ATTORNEY OF RECORD
[signature]

**ORIGINAL**

FOR OFFICE USE ONLY

RECEIPT # 153714  AMOUNT $350.00  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

MB 08/06/08

```
        UNITED STATES
        DISTRICT COURT
   SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

     # 153744     - MB

       August 06, 2008
          15:56:57


        Civ Fil Non-Pris
   USAO #.: 08CV1428 CIVIL FILING/
   Judge..: JEFFREY T MILLER
   Amount.:               $350.00 CK
   Check#.: BC1967



       Total->  $350.00



   FROM: CATHARINE J TOMOVICH
         AKA CATHIE J TOMOVICH VS
         WOLPOFF & ABRAMSON
```