1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11   CATHARINE   J.   TOMOVICH   a/k/a )   Case No. 08cv1428-JM (BLM)
     CATHIE J. TOMOVICH,              )
12                                    )   **ORDER (1) GRANTING IN PART AND**
                       Plaintiff,     )   **DENYING IN PART PLAINTIFF'S**
13                                    )   **MOTION FOR ATTORNEY'S FEES AND**
     v.                               )   **EXPENSES AND (2) SETTING**
14                                    )   **SETTLEMENT DISPOSITION**
     WOLPOFF & ABRAMSON, L.L.P.,      )   **CONFERENCE.**
15                                    )
                       Defendant.     )   [Doc. No. 29]
16   _____ )

17        On April 21, 2009, Plaintiff filed a motion for attorneys' fees and

18   expenses incurred during the instant action.   Doc. No. 29 (Motion).

19   Defendant opposed the motion, Doc. No. 31 (Opp'n), and Plaintiff filed

20   a reply, Doc. No. 33 (Reply).   The Court set a hearing date of June 9,

21   2009, and took the matter under submission.   Doc. No. 32.   Plaintiff's

22   motion for attorney's fees and expenses is **GRANTED IN PART AND DENIED IN**

23   **PART** as follows.

24                              <u>BACKGROUND</u>

25        This case concerns allegedly-wrongful debt collection practices by

26   Defendant, a debt collector.   In August 2008, Plaintiff filed a

27   complaint alleging violations of the Fair Debt Collection Practices Act

28   (FDCPA), and California's Rosenthal Fair Debt Collection Practices Act.

Doc. No. 1 (Complaint).  Defendant's alleged wrongdoing arises from
efforts to collect money owed by Plaintiff, including phone calls and
letters, some of which improperly stated that Defendant would commence
litigation against Plaintiff if she failed to satisfy the debt.  <u>Id.</u>

Approximately six months after Plaintiff filed the Complaint, the
case settled.  Doc. No. 25.  In the interim, the parties attended a
settlement conference with this Court, and Plaintiff filed two unopposed
motions to compel, which, because the case settled shortly thereafter,
were denied as moot.  Doc. Nos. 16, 20, 28.  Pursuant to a consent
decree, on April 16, 2009, this Court assumed jurisdiction over the
case, including the jurisdiction to adjudicate fee disputes arising from
the settlement agreement.  Doc. No. 27.

## DISCUSSION

Plaintiff requests an award of $73,389 in fees incurred by
attorneys Elizabeth Arleo and Shaun Khojayan, as well as $2,250 in
paralegal fees, and $5,138.45 in litigation expenses.  Reply at 10.  In
sum, Plaintiff requests $80,777.45 for prosecuting this action and
recovering fees.  Plaintiff calculates the attorneys' fees by the
lodestar method, which multiplies an attorney's hourly rate by the
number of hours they expended.  Motion at 2; <u>Hensley v. Eckhart</u>, 461
U.S. 424, 433 (1983) (describing lodestar method).

Plaintiff states that Ms. Arleo expended 140.3 hours on the matter,
including on the fees motion and reply, at the rate of $385/hour.  Reply
at 10 (total hours); Motion at 2 (hourly rate).  Plaintiff also requests
compensation for 53.5 hours of Mr. Khojayan's time, at an hourly rate of
$420.  Reply at 10; Motion at 2.  Of the 193.8 total requested attorney
hours, much of the time was spent on discovery, approximately 80.7
hours.  Arleo Decl. at 4-5 (approximately 52.5 hours spent by Ms. Arleo

1  on discovery); Khojayan Decl.,[1] Ex. 2 ("Khojayan Timesheet," claiming

2  approximately 28.2 hours for discovery-related work).

3      Plaintiff argues that the requested sum is reasonable.  In support,

4  she cites her attorneys' "aggressive and efficient" and "precise and

5  thoughtful" work, Reply at 7, and argues that her attorneys should be

6  "rewarded fully, not punished, for their exceptional skill, preparation

7  and effort," id. at 4.  Based on the positive result obtained, the

8  undesirability of FDCPA cases, and her attorneys' experience, Plaintiff

9  requests an award of all claimed fees and expenses.  Doc. No. 29-2

10 (memorandum accompanying motion, "Pl. Mem.") at 7-9.

11     Defendant argues that the requested fees are unreasonable and

12 excessive, and requests that the Court award no more than $20,000 to

13 Plaintiff's attorneys.  Opp'n at 4, 12-16.  In support, Defendant

14 characterizes Plaintiff's attorneys' work as "boilerplate copies of

15 other pleadings and discovery requests routinely used by Plaintiff's

16 counsel in prosecuting other similar non-complex cases."  Id. at 2-3.

17 Defendant also contests Ms. Arleo's and Mr. Khojayan's hourly rates.

18 Both sides submit expert declarations supporting their respective

19 positions on these rates.  Arleo Decl., Ex. 3; Opp'n, Exs. 1-9.

20 **I.  Legal Standard.**

21     In FDCPA actions, the prevailing party may be awarded "reasonable

22 attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3).

23 "The fee applicant bears the burden of documenting the appropriate hours

24 expended in the litigation and must submit evidence of those hours

25

26 ───────────────

27     [1]Plaintiff attached declarations and exhibits to both the original fees motion
    and the reply.  All citations are to the original motion and accompanying declarations,
    unless noted in the plural, i.e. Timesheets, or accompanied by II, i.e., "Arleo Decl.

28 II," which refer to documents accompanying the reply.

worked." Gates v. Deukmejian, 987 F.2d 1392, 1397 (9th Cir. 1992)
(citing Hensley, 461 U.S. at 433, 437). "The party opposing the fee
application has burden of rebuttal that requires submission of evidence
to the district court challenging the accuracy and reasonableness of the
hours charged ..." Id. at 1397-98 (citations omitted).

There is a strong presumption that the lodestar figure is
reasonable. City of Burlington v. Daque, 505 U.S. 557, 562 (1992).
However, courts routinely reduce the lodestar figure to reflect the
nature of the case. See Blum v. Stevenson, 465 U.S. 886, 888 (1984)
(court may cut lodestar to arrive at reasonable fee);Tutor-Saliba Corp.
v. City of Hailey, 452 F.3d 1055, 1065 (9th Cir. 2006) (listing factors
to consider when determining fee awards); Kerr v. Screen Extras Guild,
Inc., 526 F.2d 67, 69-70 (9th Cir. 1975). When a court decides that
reductions are warranted, it may "make across-the-board percentage cuts
either in the number of hours claimed or in the final lodestar figure,"
Gates, 987 F.2d at 1399, and/or "exclude from the initial fee
calculation hours that were not reasonably expended," Hensley, 461 U.S.
at 433-34. When making such reductions, a court must "provide a concise
but clear explanation of its reasons for the fee awards." Id. at 437.

**II.  Hourly Rates.**

When determining a reasonable hourly rate, courts compare the
requested amount with the rate "prevailing in the community for similar
services of lawyers with reasonably comparable skill, experience, and
reputation." Blum, 465 U.S. at 895. Plaintiff requests $385/hour for
Ms. Arleo and $420/hour for Mr. Khojayan. Pl. Mem. at 7. In light of
the simple nature of the instant case, these rates are excessive.

In support of her attorneys' requested rates, Plaintiff largely
relies on a declaration by William Hensley, submitted in another fees

1   motion pending in this District.  Arleo Decl., Ex. 3 (Hensley Decl.)

2   (filed in Gonzales v. Arrow Financial Services, LLC, 05cv171-JAH (RBB)

3   (S.D. Cal. Jan. 28, 2005)).  However, Mr. Hensley's statements do not

4   pertain to the instant case.[2]  First, Gonzales is a significantly more

5   complicated case; a years-long class action that proceeded to trial, and

6   involved a class certification challenge, multiple dispositive motions,

7   and motions in limine.  This case, on the other hand, is a simple one.

8   It concerns a single plaintiff and a single defendant, and the action's

9   factual basis is almost entirely comprised of five allegedly improper

10  debt-collection letters and a number of phone calls to Plaintiff.

11  Complaint.  Discovery was straightforward, and Plaintiff took only one

12  deposition.  Arleo Decl. at 4-5.  Similarly, Plaintiff's claims are not

13  complex, and several of them could be resolved by answering simple

14  factual questions, i.e., did Defendant cease certain debt-collection

15  communications after Plaintiff requested that it do so.  Complaint.

16       Second, Mr. Hensley's declaration compares Plaintiff's attorneys

17  with those of the nation's largest law firms, concluding that the

18  attorneys' hourly rates "would be gauged by the rates applicable to

19  complex litigation in the top civil/commercial firms in the San Diego

20  County community."  Hensley Decl at 5.  Most notably, Mr. Hensley

21  justifies Plaintiff's attorneys' hourly rates by comparing them to those

22  charged in the 2001-08 Enron securities class-action litigation,

23  prosecuted by Coughlin Stoia Geller Rudman & Robbins LLP.  Hensley Decl.

24  at 13-14.  Fees charged in that case, a historic and notoriously complex

25  action, in no way inform the reasonable hourly rate in this case.  Nor

26

27   _____

28       [2]The Court's analysis in this regard in no way concerns the merits of the pending fees motion in Gonzales.

1   does this case  compare to the "complex litigation" undertaken by the
2   nation's largest firms.  Hensley Decl. at 5.  Although the rates of
3   local attorneys practicing at large firms may help determine reasonable
4   fees, Plaintiff fails to sufficiently compare the rates those attorneys
5   would charge in similar cases, i.e., simple FDCPA litigation.  Hensley
6   Decl.

7        However, recent, local cases provide guidance.  In 2007, a court in
8   this district awarded Ms. Arleo $350/hour for her work on another FDCPA
9   case.  Langley v. Check Game Solutions, 2007 WL 2701345 at *7 (S.D. Cal.
10  Sept. 13, 2007).  Ms. Arleo also received $350/hour in Hess v. Ramona
11  Unified School District, 2008 WL 5381243 at *3 (S.D. Cal. Dec. 19, 2008)
12  However, both of those cases were more complex than this one.  Hess, a
13  multiple-plaintiff Title IX action against a school district, required
14  more than two years to resolve, and largely centered on a hotly-
15  contested preliminary injunction.  There, Ms. Arleo was awarded
16  $350/hour, because of the "complexities and circumstances of the case."
17  Ibid.  Similarly, Langley involved counter-claims, a motion to compel,
18  and a motion to dismiss.  Langley, 2007 WL 2701345.  In contrast, the
19  instant case was simple, resolved within a matter of months, and
20  entailed nothing more than two unopposed motions to compel, which were
21  rendered moot when the case settled shortly thereafter.  Doc. No. 28.

22       Furthermore, Plaintiff repeatedly states that her attorneys,
23  particularly Ms. Arleo, are experienced in FDCPA litigation.  See e.g.,
24  Pl. Mem. at 8 ("Plaintiff's counsel is experienced and able counsel.
25  Elizabeth Arleo has extensive experience prosecuting consumer, FDCPA and
26  other class actions").  In light of this experience, prosecuting a non-
27  complex FDCPA case like this one should not be unduly challenging, such
28  that Plaintiff's attorneys merit increased compensation.

08cv1428-JM (BLM)

The Court also notes the non-complex nature of some of the work for which the attorneys billed: for example, 4.2 hours preparing an "evidentiary timeline," Arleo Decl., Ex. 1 ("Arleo Timesheet") at 2-3 (1/2/09-2/3/09), 1.5 hours to efile documents, id., and .5 hours to "research, revise and finalize Complaint and summons to ensure documents have defendant's correct information and address," Khojayan Timesheet at 1 (8/6/08).

For the reasons given above, this case is less factually and procedurally complex than the two in which Ms. Arleo was awarded $350/hour. **The court therefore finds $300/hour to be reasonable for Ms. Arleo.** Similarly, based on the simplicity of this case and the nature of the work required of the attorneys, **the Court finds a rate of $350/hour to be reasonable for Mr. Khojayan.**

III. <u>Discovery.</u>

The Court is concerned about the large number of hours billed for discovery, particularly given the lack of voluminous documents and the fact that Plaintiff required only one deposition. <u>See also</u> <u>Langley</u>, at *7 (court "particularly concerned" about time spent by Ms. Arleo on discovery). Ms. Arleo spent approximately 52.5 hours on discovery, Arleo Timesheet at 4-5, and Mr. Khojayan spent approximately 28.2 hours, Khojayan Timesheet, for a total of 80.7 hours. Of this time, Mr. Khojayan spent approximately 10.6 hours preparing for a 2.5 hour deposition. Khojayan Timesheet (12/8/08-1/7/09). Including travel time, conferring with Ms. Arleo, and Ms. Arleo's telephonic appearance, Plaintiff requests reimbursement for 16.5 hours related to the deposition. Khojayan Timseheet; Arleo Timesheet(1/27/09). Although the deposition yielded an important admission, Khojayan Decl. at 1-2, the amount of time surrounding the deposition, more than four hours per hour

of questioning, is unreasonable.  **The Court therefore reduces time claimed for the deposition by 33%, and subtracts 4.1 hours from Mr. Khojayan's, and .7 hours from Ms. Arleo's, total claims.**

The remaining 64.2 hours spent on discovery largely concerned written discovery, including two motions to compel and a protective order.  Arleo Timesheet; Arleo Decl. at 4-5; Khojayan Timesheet.  In light of the case's factual and legal simplicity, including that of the allegations, the time spent on written discovery is unreasonable.  For example, Plaintiff fails to demonstrate the necessity for, or fruitfulness of, three sets of written discovery, each of which required an inordinate number of attorney hours.  Nor do Plaintiff's attorneys' billing statements reflect sufficient efficiency to merit a full fee award.

Examples of this inefficiency include .8 hours billed by Mr. Khojayan to "prepare and finalize personal appearance deposition subpoena," an activity that should take an experienced attorney a matter of minutes, and 5.7 hours to prepare a protective order, which also should be a routine matter for an experienced attorney.  Khojayan Timesheet (8/8/08, subpoena); Arleo Timesheet (1/9/09-2/18/09, protective order) & Timesheet (1/12/09, same).  Mr. Khojayan also bills 1.3 hours to review the third set of discovery which, aside from boilerplate language, only consisted of two questions occupying six lines of text.  Khojayan Timesheet (12/12/08-12/15/08, billing); Decl. Stuart, Ex. J (discovery request).  This, too, undermines Plaintiff's arguments regarding her attorneys' efficiency.

Therefore, based on the simplicity of the case, the excessive number of hours attributed to routine discovery, and Plaintiff's failure to demonstrate the alleged efficiency of her attorneys, **the Court finds**

1  **the requested hours to be unreasonable and reduces the remaining 64.2**
2  **hours spent on discovery by 50%.** See Gates, 987 F.2d at 1397 (fee
3  applicant bears burden of showing request is reasonable). **Because the**
4  **billing statements reflect that roughly 30% of those hours were spent by**
5  **Mr. Khojayan, and 70% by Ms. Arleo, the Court deducts 9.6 hours from Mr.**
6  **Khojayan's total, and 22.5 hours from Ms. Arleo's total.**

7  IV.  **The Fees Motion and Reply.**

8      Plaintiff seeks reimbursement for approximately 35 hours spent
9  drafting the instant fees motion and reply, Reply at 10, rendering fees
10 the most time-consuming issue in the case. This request is
11 unreasonable. First, in light of the factual and legal simplicity of
12 the fees arguments, and the lack of novel issues presented, the time
13 claimed is excessive. This is particularly true because Plaintiff's
14 primary support for her attorneys' hourly rates, the Hensley
15 Declaration, already was prepared on behalf of a different fees motion.
16 Second, some tasks which were performed by attorneys should have been
17 performed by a paralegal, i.e., compiling exhibits, Khojayan Decl. II
18 (3/20/09), and 1.5 hours reviewing timesheets, Reply, Ex. 10 (4/15/09).
19 Third, almost half of the hours claimed were expended on two
20 identically- and generically-described, consecutive 8-hour days. Reply,
21 Ex. 10 (5/20/09 & 5/21/09, billing 16 hours to "draft reply brief and
22 Arleo decl in response to defendant's opposition to fee application").
23 This is insufficiently precise for such a large amount of time.

24     Therefore, **the Court reduces by 50% the 35 hours claimed for the**
25 **fees motion and reply**. See Langley, 2007 WL 2702345 at *7 (finding 20
26 hours spent on reply in fees dispute "unreasonable"). **Based on the**
27 **respective attorneys' time spent on the fees dispute, the Court**
28 **therefore reduces Ms. Arleo's total time by 15 hours, and Mr. Khojayan's**

1   total by 2.5 hours.

2   **V.   Other Adjustments.**

3       The Court also finds the following hours and expenses to be
4   unreasonable, and deletes or reduces them:

5   •   *Pre-Complaint Work*: Plaintiff's attorneys bill approximately 11.7
6       hours of pre-complaint research and communication, despite
7       straightforward facts and claims. Arleo Timesheet (1/16/08-
8       8/4/08); Khojayan Timesheet (8/5/08-8/7/08); <u>see</u> <u>also</u> <u>Langley</u>, 2007
9       WL 2701345 at *7 (in similar FDCPA case, court found all factual
10      information in complaint was within Plaintiff's personal knowledge
11      and could have been "obtained from a one-hour interview (at most)
12      and a review of [Defendant's collection letters]"). **The Court**
13      **reduces this amount by 33%, and thus deducts 2.5 hours from Ms.**
14      **Arleo's total, and 1.3 hours from Mr. Khojayan's total, based on**
15      **the proportion of the attorney's pre-complaint work.**

16  •   *Administrative Duties*: Plaintiff's attorneys request approximately
17      4.9 hours of attorney-rate compensation for performing
18      administrative duties, i.e., efiling documents, Arleo Timesheets,
19      preparing the civil cover sheet and declaration of service,
20      Khojayan Timesheet (8/5/08), and preparing documents for an
21      attorney service to pick up, Khojayan Timesheet (8/7/08). It is
22      unreasonable for Plaintiff to request attorney rates for
23      administrative duties. **The Court therefore deducts 3 hours from**
24      **Mr. Khojayan's total and 1.9 hours from Ms. Arleo's, and awards**
25      **this time at the uncontested paralegal rate of $125/hour.**

26  •   *Communications*: Ms. Arleo bills for 41 calls and emails between
27      herself and Plaintiff, totaling approximately 14.3 hours. Arleo
28      Timesheet. In light of the limited facts underlying the case,

1  Plaintiff's failure to sufficiently justify this amount of

2  communication, and the relatively short duration of the case, this

3  time is unreasonable.  **The Court thus reduces the claimed time by**

4  **40%, and deducts 5.7 hours from Ms. Arleo's total.**

5  • *Inaccurate Accounting*: At the end of his first timesheet, Mr.

6  Khojayan claims the sum of the billed entries equals 39.5 hours.

7  In fact, the entries add up to 35.2 hours.  **The Court therefore**

8  **deducts 4.3 hours from Mr. Khojayan's total.**  In his second

9  timesheet, Mr. Khojayan claims the sum of the billed entries equals

10  14 hours.  In fact, the entries add up to 14.2 hours.  **The Court**

11  **therefore adds .2 hours to Mr. Khojayan's total.**  Also, Ms. Arleo

12  concedes that she billed twice for one hour of the same activities

13  on 2/5/09 and 2/6/09, Reply at 8, n.12, **and one hour is thus**

14  **deducted from her total.**

15  • *Paralegal Expenses*: Plaintiff requests 15.5 hours' compensation for

16  Mr. Khojayan's paralegal, Ms. Rico, to research and make copies of

17  cases regarding Defendant's litigation history.  While this

18  research was relevant to the instant case, the time spent was

19  excessive.  **The Court thus reduces the claimed time by 50%, and**

20  **deducts 7.2 hours from Ms. Rico's total.**

21  **VI.**   **Expenses.**

22  Plaintiff requests $5,138.45 in expenses.  Reply at 10.  However,

23  many of these expenses are unsupported.  Particularly alarming are large

24  online research fees claimed at times the billing attorney conducted

25  little or no research.  For example, Ms. Arleo requests $984 in August

26  2008 Lexis fees, Arleo Decl., Ex. 4, but her timesheet shows no research

27  at that time.  Likewise, Mr. Khojayan requests $732 in online research

28  fees on 1/4/09, Khojayan Decl., Ex. 4, but his timesheet for the same

11

1  day shows only .4 hours of research.  Further, that research was on a
2  potential class action, which, because the claim is "unrelated," is non-
3  compensable.  Hensley, 461 U.S. at 434-35.

4      Excepting the research described above, the expenses claimed by Mr.
5  Khojayan are well-supported.  Khojayan Decl., Ex. 4.  However, many of
6  Ms. Arleo's expenses are not specified beyond "Lexis," "Copy," or "UPS."
7  Arleo Decl., Ex. 4.  Although cross-reference with Ms. Arleo's timesheet
8  reveals support for some of the online research expenses, e.g., January
9  2009, much remains ambiguous.  Absent descriptions of what was
10 researched,  copied,  or  shipped,  the  Court  cannot  assess  the
11 reasonableness of these expenses.  A court may reduce requests that are
12 poorly documented or described.  Fischer v. SJB-P.D., Inc., 214 F.3d
13 1115, 1121 (9th Cir. 2000); see also Altergott v. Modern Collection
14 Technologies, 864 F.Supp. 778, 783 (N.D. Ill. 1994) (deducting fees
15 where Plaintiff failed to specify the documents copied and the number of
16 copies made).  **The Court therefore deducts $1,800, representing the**
17 **approximate sum of unsupported expenses, from the total award.**
18 **VII. Final Award and Order To File Joint Motion to Dismiss.**

19     Plaintiff  requests  compensation  for  140.3  hours  expended  by  Ms.
20 Arleo  on  this  matter.   Reply  at  10.   After  making  the  adjustments
21 described  in  this  Order,  91  hours  remain.   Plaintiff  also  requests
22 compensation for 53.5 hours of Mr. Khojayan's time.  Reply at 10; Motion
23 at  2.   After  adjusting  the  request  as  described  above,  28.9  hours
24 remain.   Finally,  Plaintiff  requests  compensation  for  18  hours  of  Ms.
25 Rico's time.  Motion at 11.  After adjusting the request as described
26 above, 15.7 hours remain.

27     When multiplied by Ms. Arleo's reasonable hourly rate of $300, Mr.
28 Khojayan's reasonable hourly rate of $350, and Ms. Rico's hourly rate of

1   $125, the Court arrives at a total lodestar figure of $39,377.50

2   ($27,300 + $10,115 + $1,962.50).

3        Plaintiff also requests $5,138.45 in litigation expenses. After

4   adjusting this figure as described above, the Court finds an award of

5   $3,348.45 to be reasonable. When combined with the adjusted lodestar

6   figure of $39,377.50, the Court finds a total award of $42,725.95 to be

7   reasonable. **On or before** <u>**August 31, 2009,**</u> **Defendant shall remit to**

8   **Plaintiff $42,725.95 (forty-two thousand, seven-hundred twenty-five**

9   **dollars and ninety-five cents)**, and file a notice of payment by

10  <u>**September 3, 2009**</u>.

11       The parties are ordered to file a joint motion for dismissal of

12  this case, signed by counsel of record, no later than <u>**September 17,**</u>

13  <u>**2009**</u>. A proposed order on the joint motion for dismissal must be e-

14  mailed to the district judge's chambers[3] on the same day.

15       If the fully executed joint motion for dismissal is not filed by

16  <u>**September 17, 2009**</u>, then all counsel of record and unrepresented parties

17  are required to appear <u>**in person**</u> for a Settlement Disposition

18  Conference. The Settlement Disposition Conference will be held on

19  <u>**September 22, 2009**</u> at <u>**9:00 a.m.**</u> in <u>**Courtroom G**</u>.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ───────────────────

26       [3]   The proposed order shall be e-mailed pursuant to section 2(h) of the United

27  States District Court for the Southern District of California's Electronic Case Filing
    Administrative Policies and Procedures Manual, available at www.casd.uscourts.gov

28  (follow link for "General Order 550, Procedural Rules for Electronic Case Filing").

08cv1428-JM (BLM)

1    If counsel of record fails to appear at the Settlement Disposition
2  Conference, or the parties fail to file the signed joint motion for
3  dismissal in a timely manner, the Court will issue an Order to Show
4  Cause why sanctions should not be imposed for failing to comply with
5  this Order.

6    **IT IS SO ORDERED.**

8  DATED:  <u>August 7, 2009</u>

9
10   BARBARA L. MAJOR
     United States Magistrate Judge

14