UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHARINE J. TOMOVICH a/k/a CATHIE J. TOMOVICH,<br><br>          Plaintiff,<br><br>v.<br><br>WOLPOFF & ABRAMSON, L.L.P.,<br><br>          Defendant. | Case No. 08cv1428-JM (BLM)<br><br>**ORDER DENYING *EX PARTE* MOTION FOR RECONSIDERATION OF FEES AWARD AND TERMINATING CASE**<br><br>[Doc. No. 35] |

The underlying action concerns Defendant's alleged violations of the federal Fair Debt Collection Practices Act (FDCPA), and California's Rosenthal Fair Debt Collection Practices Act. Doc. No. 1. The case settled in April 2009 (Doc. No. 24) and, on August 7, 2009, this Court granted in part and denied in part Plaintiff's motion for attorney's fees. Doc. No. 34 (Order). On August 14, 2009, Plaintiff filed the instant *ex parte* motion for reconsideration of one aspect of the Court's fees order: the reasonable hourly rate awarded to one of her attorneys, Elizabeth Arleo.[1] Doc. No. 35 (Pl. Mot.). Defendant opposed Plaintiff's

---

[1] Two attorneys, Elizabeth Arleo and Shaun Khojayan, represented Plaintiff in the above matter, and the fees order established hourly rates for both. Order at 4-7. However, the motion for reconsideration contests only the Court's finding with regards to Ms. Arleo's billing rate, and the Court therefore addresses only this issue. Nonetheless, the Court notes that in many respects, the reasoning provided in this

motion. Doc. No. 36 (Opp'n). After reviewing the motion for reconsideration and opposition, as well as all previously-submitted evidence and briefing concerning Plaintiff's attorneys' fees, and for the reasons given below, the Court **DENIES** Plaintiff's motion for reconsideration.

**LEGAL STANDARD**

In FDCPA actions, the prevailing party may be awarded "reasonable attorney's fees as determined by the court." 15 U.S.C. § 1692k(a)(3). Attorney's fees are calculated by the lodestar method, whereby a court multiplies the number of hours an attorney reasonably spent on the case by the attorney's reasonable hourly rate. McGrath v. County of Nevada, 67 F.3d 248, 252 (9th Cir. 1995) (citing Blum v. Stenson, 465 U.S. 886, 895 (1984)). An attorney's reasonable hourly rate is determined by comparing the requested rate with that "prevailing in the community for similar services of lawyers with reasonably comparable skill, experience and reputation." Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 979 (9th Cir. 2008) (citation omitted); Blum, 465 U.S. at 895 n.11. In determining the reasonableness of fee requests, the Court also may consider: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the undesirability of the case; (9) the nature and length of the professional relationship with the client; and (10) awards in similar cases. Christensen v. Stevedoring Services of

---

order with regards to Ms. Arleo applies equally to Mr. Khojayan.

America, 557 F.3d 1049, 1053 (9th Cir. 2009) (citing Van Gerwen v. Guarantee Mu. Life Co., 214 F.3d 1041, 1045 n.2 (9th Cir. 2000).

"To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence- in addition to the attorney's own affidavits- that the requested rates [are reasonable]." Id. at 980 (citing Blum, 465 U.S. at 896 n.11). However, "[d]eclarations from the fee applicant do not conclusively establish the prevailing market rate." Id. "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the ... facts asserted by the prevailing party ..." Id. at 980 (citing Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992)).

The district court has a "great deal of discretion" to determine the appropriate hourly rate. Gates, 987 F.2d at 1398. Nonetheless, a court must provide a "concise but clear explanation of its reasons for the fee award." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

## DISCUSSION

In her motion for reconsideration, Plaintiff contends that the Court improperly relied on the simplicity of the underlying case when calculating both the number of hours awarded to Ms. Arleo *and* Ms. Arleo's hourly rate. Pl. Mot. at 1-3. Plaintiff therefore requests that the Court increase Ms. Arleo's reasonable hourly rate for work on this case from the previously-assessed $300/hour to $350/hour. Id. at 1. In support of the increased rate, Plaintiff again cites findings made by two courts (which already were distinguished in this Court's previous order), but offers no new facts justifying her request. Id.; Order at 6-7 (discussing other cases). Defendant argues that the fees order was properly decided, and distinguishes the authority upon which

Plaintiff relies.[2]  Opp'n at 3-5.

When determining fee awards, courts may not use the "novelty and complexity" of the issues to determine both the reasonable hourly rate *and* the reasonable number of hours expended on litigation. Van Skike v. Dir., Office of Workers' Comp. Programs, 557 F.3d 1041, 1048 (9th Cir. 2009) (citing Blum, 465 U.S. at 898-99). Additionally, "the reasonable hourly rate is generally determined based upon the prevailing hourly rate in the community, rather than upon the complexity of the issues, which should be reflected in the reasonable number of hours." Id.

Here, the Court found the underlying FDCPA litigation to be non-complex, and considered this, among several other factors, when reducing the total hours used in the lodestar calculation. Order at 8-10. The Court also considered the simplicity of the case, among other factors, in calculating Ms. Arleo's hourly rate. Id. at 5-7. Insofar as the case's simplicity was used to determine both the number of hours and the hourly rate, the Court revisits its previous Order. However, after reviewing the evidence and arguments pertaining to Ms. Arleo's hourly rate, the Court still finds $300/hour to be reasonable.

1.   Expert Declarations Regarding Ms. Arleo's Hourly Rate.

Both parties submitted expert declarations regarding Ms. Arleo's hourly rate. In support of her originally-requested rate of $380/hour, Plaintiff submitted the Hensley Declaration, drafted by a fees expert for Ms. Arleo's work in Gonzales v. Arrow Financial Services, LLC, 05cv171-JAH (RBB) (S.D. Cal. January 28, 2005), a class action pending

---

[2] Defendant also argues that the rule of civil procedure under which Plaintiff brings the instant motion, Fed. R. Civ. P. 60, does not apply here, and that Plaintiff therefore is barred from moving for reconsideration. Opp'n at 2. However, it is within the Court's discretion to revisit its own judgments, and the Court elects to do so here. See Fidelity Federal Bank, FSB v. Durga Ma Corp., 387 F.3d 1021, 1024 (9th Cir. 2004); Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999).

in this District. Doc. No. 29-3 Ex. 3 (Hensley Decl.). However, for the reasons stated in this Court's previous fees order, the Hensley Declaration does not pertain to the instant case:

> First, <u>Gonzales</u> is a significantly more complicated case; a years-long class action that proceeded to trial, and involved a class certification challenge, multiple dispositive motions, and motions in limine. This case, on the other hand, is a simple one. It concerns a single plaintiff and a single defendant, and the action's factual basis is almost entirely comprised of five allegedly improper debt-collection letters and a number of phone calls to Plaintiff. Complaint. Discovery was straightforward, and Plaintiff took only one deposition. Arleo Decl. [Doc. No. 29-3] at 4-5. Similarly, Plaintiff's claims are not complex, and several of them could be resolved by answering simple factual questions, i.e., did Defendant cease certain debt-collection communications after Plaintiff requested that it do so. Complaint.
>
> Second, Mr. Hensley's declaration compares Plaintiff's attorneys with those of the nation's largest law firms, concluding that the attorneys' hourly rates "would be gauged by the rates applicable to complex litigation in the top civil/commercial firms in the San Diego County community." Hensley Decl at 5. Most notably, Mr. Hensley justifies Plaintiff's attorneys' hourly rates by comparing them to those charged in the 2001-08 Enron securities class-action litigation, prosecuted by Coughlin Stoia Geller Rudman & Robbins LLP. Hensley Decl. at 13-14. Fees charged in that case, a historic and notoriously complex action, in no way inform the reasonable hourly rate in this case. Nor does this case compare to the "complex litigation" undertaken by the nation's largest firms. Hensley Decl. at 5. Although the rates of local attorneys practicing at large firms may help determine reasonable fees, Plaintiff fails to sufficiently compare the rates those attorneys would charge in similar cases, i.e., simple FDCPA litigation. Hensley Decl.

Order at 4-6.

Although this reasoning includes statements regarding the instant case's simplicity, it does not constitute impermissible "double-counting" of the factor. <u>Van Skike</u>, 557 F.3d at 1048 (holding that courts may not use same factor to adjust both hours claimed and hourly rate). Rather, the statements demonstrate that (1) the cases with which Plaintiff attempts to establish Ms. Arleo's hourly rate do not involve "similar services," (i.e., class-actions, trial and/or dispositive

motion work, and the exhaustive discovery required of complex litigation versus singly plaintiff with limited discovery and motion work), Camacho, 523 F.3d at 979, and (2) there is insufficient evidence that the lawyers with whom Mr. Hensley compares Ms. Arleo are of similar "skill, experience or reputation," (id.). That is, the Court cited the simplicity of the work required in the instant case not as an independent basis for establishing Ms. Arleo's hourly rate, but to distinguish this case from the unusual and complex cases, which require significant legal work and attorneys with more expertise and specialized knowledge, relied upon in the Hensley Declaration. The type of legal work cited and relied upon by Mr. Hensley in determining an appropriate hourly rate is not similar to the legal work provided by Ms. Arleo in this case so Mr. Hensley's recommendation has minimal value in this case.

Additionally, the Hensley Declaration largely arrives at so-called comparable rates by reference to the hourly fees charged "firmwide" (that is, nationally and/or globally, depending on the firm) of thousands of attorneys of all levels of experience and in all practice areas of several "large Los Angeles and San Diego law firms." Hensley Decl. at 5-7. Ms. Arleo does not work at a large law firm, and the instant case involves a specific practice area, FDCPA litigation, in a specific locale, the Southern District of California. See Camacho, 523 F.3d at 979 (for the purpose of establishing hourly rates, the relevant community generally is the forum in which the district court sits). Although courts deciding FDCPA fees may look to non-FDCPA litigation for comparison, id. at 981, the Hensley Declaration does little to compare the attorneys and duties cited with Ms. Arleo and her work in the instant case. Again, the Hensley Declaration fails to demonstrate a

similarity between Ms. Arleo's education and experience and those of the comparison attorneys so the recommendation has minimal value in this case. Plaintiff therefore fails to meet her burden to "produce satisfactory evidence" that the requested rate is reasonable. Christensen, 557 F.3d at 980.

A declaration submitted by Defendant's expert, June Coleman, on the other hand, more specifically addresses rates charged by FDCPA attorneys in this district. Doc. No. 31-1 (Coleman Decl.). Of particular relevance is Ms. Coleman's description of her own experience and hourly rate. Ms. Coleman has been an attorney since 1999, and during that time has practiced "regularly and extensively" in the areas of FDCPA and Fair Credit Reporting Act defense. Coleman Decl. at 2. She also regularly has lectured and published articles in the area of collection law, and works for the national trade organization for debt collectors. Id. During the time the instant case was prosecuted, Ms. Coleman's hourly rate for private clients in the Southern District was $195-$250. Id. at 6. Based on her experience, Ms. Coleman opined that Ms. Arleo's reasonable hourly rate "would be no more than $300 per hour, and is more likely $250 per hour."[3] Id. at 7.

Ms. Arleo also has been an attorney since 1999. Arleo Decl. Ex. 3 at 1. From 1999 to 2005, she worked at Milberg Weiss Bershad Hynes & Lerach, where she represented plaintiffs in securities, labor, and consumer cases. Id. at 1-2. Since 2005, she has continued to represent plaintiffs in class actions (id.), and also has prosecuted a number of

---

[3] Defendant also submits a Declaration from Greg Olson, stating that Ms. Arleo's reasonable rate is $300-$350/hour. Doc. No. 31 Ex. 5 at 7. However, this figure is based on little more than Mr. Olson's statements that the case was narrow in scope and brought by a single plaintiff. Id. As with the Hensley Declaration, this lack of specificity diminishes the weight the Court gives to the recommendation.

FDCPA cases in this district. See, e.g., Gonzales, 05cv171-JAH (RBB); Langley v. Check Game Solutions, 05cv2265-W (AJB) (S.D. Cal. December 13, 2005); Mial v. Elite Recovery Services, 06cv1851-DMS (RBB) (S.D. Cal. September 13, 2006); Bracken et al. v. Eskanos & Adler, P.C. et al., 06cv2288-H (BLM) (S.D. Cal. October 11, 2006); Doc. No. 29 at 8 (Plaintiff's motion for fees, stating Ms. Arleo "has extensive experience prosecuting consumer, FDCPA and other class actions"). There is no evidence that Ms. Arleo had any FDCPA experience prior to 2005.

In light of Ms. Coleman's experience in FDCPA litigation, and the fact that she has been practicing law for the same number of years as Ms. Arleo, Ms. Coleman is the best example provided by either party of an attorney of "similar skill, experience and reputation" to Ms. Arleo who performs "similar services" to those performed by Ms. Arleo in the instant case. Camacho, 523 F.3d at 979. As such, her hourly rate is directly applicable to this case. However, Ms. Coleman, who has significantly more years of FDCPA experience (nine as compared to five) and is a lecturer and author in the field, charges $195-$250/hour in the Southern District. Coleman Decl. at 6. This fact, combined with Ms. Coleman's opinion that Ms. Arleo's reasonable rate is $250-$300/hour, recommends a much lower rate than the $350/hour requested by Plaintiff. On the other hand, Ms. Arleo's previous experience at a well-known plaintiff's law firm, and the fact that she took the instant case on a contingency fee basis and prevailed, recommend a slight increase in her hourly rate. See Blum, 465 U.S. at 903 (concurrence, Brennan, J.) (contingency fees may support a higher hourly rate). Therefore, after weighing these factors, considering the parties' declarations, and giving particular weight to Ms. Coleman's statements, the Court finds $300/hour to be a reasonable rate for Ms. Arleo in the instant case.

2.      <u>Fees Awarded to Ms. Arleo in Other FDCPA Cases.</u>

In support of her motion for reconsideration, Plaintiff cites two orders awarding Ms. Arleo $350/hour: <u>Hess v. Ramona Unified School District</u>, 2008 WL 5281243 (S.D. Cal. Dec. 19, 2008) and <u>Langley</u>, 2007 WL 2701345 (S.D. Cal. Sept. 13, 2007). Pl. Mot. at 1. Although courts may look to other fee awards as evidence of an attorney's market rate, the Ninth Circuit recently admonished judges to exercise caution when doing so. <u>Christensen</u>, 557 F.3d at 1054 (warning courts not to engage in the "tautological, self-referential exercise" of "recast[ing] fee awards made by previous courts into 'market' rates") (quoting <u>Student Pub. Interest Research Group of N.J. v. AT & T Bell Laboratories</u>, 842 F.2d 1436, 1446 (3d Cir. 1988)). Thus, although the Court finds these cases useful, and looks to them to establish a general range for the value of Ms. Arleo's services, its holding in the instant case is not controlled by the previous awards.

Furthermore, the Court already has distinguished the nature of work performed in <u>Hess</u> and <u>Langley</u> from that performed in the instant case. Order at 6-7. In addition to the reasons already stated, the Court notes that Ms. Arleo's hourly rate was not contested in <u>Langley</u>, and that the <u>Hess</u> court based its decision in part on the Defendants' failure to "support their contention that [Ms. Arleo's] rates are unreasonably high with any evidence, such as competing declarations." <u>Hess</u>, 2008 WL 5281243 at *3; <u>Langley</u>, 2007 WL 2701345 at *4. Here, Defendant offered substantial evidence contesting Ms. Arleo's requested hourly rate, including two expert declarations, thereby further differentiating the instant case from <u>Hess</u> and <u>Langley</u>. Doc. No. 31; <u>Mendenhall v. Nat'l Transp. Safety Bd.</u>, 213 F.3d 464, 472 (9th Cir 2000) (fee applicant's initial burden is not high when request is not

challenged); Camacho, 523 F.3d at 980 (a "wide spectrum of reasonable hourly rates" may exist "even for work performed by the same attorney").

### 3. Other Factors.

Other factors also argue in favor of a reduced hourly rate for Ms. Arleo. See Christensen, 557 F.3d at 1053 (listing factors a court may consider when awarding fees). First, Plaintiff does not allege an ongoing professional relationship with Ms. Arleo such that a higher hourly rate would be merited. Id. Second, Ms. Arleo had ample time to prosecute the case, and there is no evidence, such as requests to continue deadlines, that she struggled under time pressure. Id. Third, after reviewing Ms. Arleo's time sheets, the Court does not find that Ms. Arleo's work on Plaintiff's case was so demanding of time that it precluded her from accepting other employment. Id.; Arleo Decl. Ex. 1 & Doc. No. 33 Ex. 10 (time sheets). Finally, the amount involved was minimal and the case settled for a small sum. Christensen, 557 F.3d at 1053; Doc. No. 30 (settlement agreement, filed under seal).

For the reasons provided above, the Court finds a rate of $300/hour reasonable for Ms. Arleo's work on the instant case. Plaintiff's motion for reconsideration therefore is **DENIED**.

///
///
///
///
///
///
///
///
///

**CONCLUSION**

Pursuant to this Court's original order, Defendant paid Plaintiff $42,725.95 in attorney's fees and confirmed payment on September 1, 2009. Doc. No. 37. The instant order resolves the only outstanding issue, and this case is terminated. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

DATED: October 22, 2009

BARBARA L. MAJOR
United States Magistrate Judge